IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Scott H. FISHER, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Scott H. FISHER, Respondent.

Supreme Court

*No. 2009AP2522–D. Decided June 8, 2010.*

2010 WI 45

(Also reported in 785 N.W.2d 321.)

¶ 1. PER CURIAM. We review the report of Referee James W. Mohr, Jr., recommending that Attorney Scott H. Fisher's license to practice law in Wisconsin be revoked and that he pay restitution, along with the costs of this proceeding, following his default to the complaint filed by the Office of Lawyer Regulation (OLR).

¶ 2. We approve and adopt the referee's findings of fact and conclusions of law and revoke Attorney Fisher's license to practice law in this state. We order Attorney Fisher to pay restitution and costs.

¶ 3. Attorney Fisher was admitted to practice law in Wisconsin in 2006. He has not been previously disciplined. His law license was temporarily suspended effective April 14, 2009, for failure to cooperate with the OLR investigation. His temporary license suspension remains in effect.

¶ 4. On October 2, 2009, the OLR filed a complaint alleging 55 counts of professional misconduct arising from ten separate client matters and seeking revocation of Attorney Fisher's law license. The Waukesha County sheriff's department served Attorney Fisher with a copy of the complaint on October 24, 2009. Attorney Fisher has not responded to the complaint.

¶ 5. On February 9, 2010, the OLR moved for a determination that Attorney Fisher was in default for not timely answering the complaint. The referee found that Attorney Fisher had not answered or otherwise responded to the complaint. The referee's attempts to correspond with Attorney Fisher, by using the last address Attorney Fisher had filed with the State Bar of Wisconsin as well as the address where Attorney Fisher had been served, were unsuccessful. All letters addressed to Attorney Fisher at either address were returned as undeliverable and unable to be forwarded. The referee granted the OLR's motion for default judgment against Attorney Fisher.

¶ 6. On March 3, 2010, the referee filed his report and recommendation. Accepting the complaint's allegations as proven, the referee concluded Attorney Fisher had committed professional misconduct as alleged in each of the 55 counts of the complaint. Counts 1 through 6 arise from Attorney Fisher's misconduct representing Mr. and Mrs. K., who retained Attorney Fisher to represent them in a bankruptcy action in August 2008. They paid Attorney Fisher $500 of the total $1,300 fee contemplated in the retainer agreement. After Attorney Fisher failed to return Mr. K.'s phone calls, a receptionist at Attorney Fisher's office informed Mr. K. that Attorney Fisher had disappeared without notifying his clients. Attorney Fisher did not return Mr. and Mrs. K.'s fees.

¶ 7. According to two attorneys who had shared an office with Attorney Fisher, Attorney Fisher abandoned his law practice as of October 20, 2008, when he had not been in his office for four weeks. Attorney Fisher left behind a journal which stated that he was "essentially abandoning his life as he knew it." The OLR received information confirming that Attorney Fisher had abandoned his law practice, left the United States, and had acknowledged taking unearned money from his clients. Further attempts to contact Attorney Fisher by e-mail, by correspondence, and by service of process were unsuccessful.

¶ 8. The referee concluded that Attorney Fisher committed the following six counts of misconduct with respect to his representation of Mr. and Mrs. K.:

> [Count 1] By entering into a legal representation agreement with his clients on August 18, 2008, which stated, "If Scott Fisher is not available, another attorney from the firm will appear with you at the meeting of creditors in your case," when there were no other attorneys in his firm, [Attorney] Fisher violated SCR 20:8.4(c).[1]

> [Count 2] By failing to respond to his clients' September, [2008] phone calls concerning the status of their bankruptcy, by failing to provide his clients with a current address, and by failing to communicate with his clients, [Attorney] Fisher violated SCR 20:1.4(a)(3) and (4).[2]

---

[1] SCR 20:8.4(c) provides it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[2] SCRs 20:1.4(a)(3) and (4) state that a lawyer shall, "(3) keep the client reasonably informed about the status of the

[Count 3] By failing to advise his clients that he had left Wisconsin, by unilaterally terminating his representation of his clients, and then by failing to protect the clients' interests by giving them reasonable notice to employ another attorney, and by failing to refund the portion of the fee he had not earned, [Attorney] Fisher violated SCR 20:1.16(d).[3]

[Count 4] Having unilaterally terminated representation of his clients prior to completing the legal services for which he was hired, by failing to return approximately [$500] in fees advanced by his clients for [their] bankruptcy matter, [Attorney] Fisher violated SCR 20:8.4(c).

[Count 5] By abandoning his practice and jurisdiction without notice of a change of address, [Attorney] Fisher violated SCR 10.03(2),[4] enforced via SCR 20:8.4(f).[5]

---

matter;" and "(4) promptly comply with reasonable requests by the client for information; . . . ."

[3] SCR 20:1.16(d) provides as follows:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 10.03(2) states, in pertinent part: Membership.

Enrollment. Every person who becomes licensed to practice law in this state shall enroll in the state bar by registering his or her name and social security number with the association within 10 days after admission to practice. Every change after enrollment in any member's office address or social security number shall be reported promptly to the state bar.

[5] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme

[Count 6] By failing to file a response to the grievance, [Attorney] Fisher violated SCR 22.03(2) and 22.03(6),[6] enforced via 20:8.4(h).[7]

¶ 9. The referee concluded Attorney Fisher engaged in similar misconduct with respect to nine additional client matters. Counts 7 through 12 allege misconduct with respect to client J.W., who hired Attorney Fisher to represent her in a bankruptcy matter. J.W. paid Attorney Fisher a $1,000 fee. No bankruptcy action was ever filed by Attorney Fisher and he did not return her fees. The referee concluded that during his representation of J.W., Attorney Fisher engaged in dishonesty, fraud, deceit, or misrepresentation in viola-

court order or supreme court decision regulating the conduct of lawyers; . . . ."

[6] SCRs 22.03(2) and (6) state as follows:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

 . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[7] SCR 20:8.4(h) provides it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by . . . SCR 22.03(2), SCR 22.03(6), . . . ."

tion of SCR 20:8.4(c); failed to act with diligence in advancing his client's interests, contrary to SCR 20:1.3;[8] and unilaterally terminated his representation, contrary to SCR 20:1.16(d). Also, without completing legal services and failing to return approximately $1,000 in fees, Attorney Fisher violated SCR 20:8.4(c). The referee further concluded by abandoning his practice and jurisdiction without notice of a change of address, Attorney Fisher violated SCR 10.03(2), enforced via SCR 20:8.4(f); and by failing to file a response to the grievance, Attorney Fisher violated SCRs 22.03(2) and (6), enforced via SCR 20:8.4(h).

¶ 10. Counts 13 through 17 involve Attorney Fisher's misconduct after entering into a written fee agreement with Mr. and Mrs. M., who retained Attorney Fisher to represent them in a bankruptcy action. The referee concluded that by failing to respond to his clients' numerous phone calls, Attorney Fisher violated SCR 20:1.4(a)(4); by failing to advise his clients he left Wisconsin and unilaterally terminating his representation without protecting his clients' interests, Attorney Fisher violated SCR 20:1.16(d); by failing to return approximately $1,100 in fees advanced by Mrs. M. for the bankruptcy, Attorney Fisher violated SCR 20:8.4(c); by abandoning his practice and jurisdiction without notice of a change of address, Attorney Fisher violated SCR 10.03(2), enforced via SCR 20:8.4(f); and by failing to file a response to the grievance, Attorney Fisher violated SCRs 22.03(2) and (6), enforced via SCR 20:8.4(h).

¶ 11. Counts 18 through 23 involve similar misconduct with respect to a client, S.C., who had paid Attorney Fisher $1,300 for representation and costs in

---

[8] SCR 20:1.3 provides, "A lawyer shall act with reasonable diligence and promptness in representing a client."

a bankruptcy action. The referee determined Attorney Fisher's violations consisted of dishonesty, contrary to SCR 20:8.4(c); failing to timely advance his client's interests in his bankruptcy case, contrary to SCR 20:1.3; failing to advise his client he had left Wisconsin and unilaterally terminating his representation, contrary to SCR 20:1.16(d); failing to return approximately $1,001 in fees, contrary to SCR 20:8.4(c); and abandoning his practice and jurisdiction without notice of a change of address, contrary to SCR 10.03(2), enforced via SCR 20:8.4(f). The referee also concluded Attorney Fisher failed to file a response to the grievance, violating SCRs 22.03(2) and (6), enforced via SCR 20:8.4(h).

¶ 12. Counts 24 through 28 arise from Attorney Fisher's violations with respect to his client, A.Y., who hired Attorney Fisher to represent her in a bankruptcy action. A.Y. paid Attorney Fisher $1,300. Attorney Fisher failed to return approximately $1,000 in unearned fees. As in previous client matters, the referee concluded Attorney Fisher violated SCR 20:8.4(c) (two counts); SCR 20:1.16(d); SCR 10.03(2), enforced via SCR 20:8.4(f); and SCRs 22.03(2) and (6) enforced via SCR 20:8.4(h).

¶ 13. Counts 29 through 35 arise from Attorney Fisher's violations when representing client A.B. in a divorce proceeding. A.B. paid Attorney Fisher $2,500 in advanced fees. The referee determined Attorney Fisher's misconduct violated SCR 20:1.3; SCRs 20:1.4(a)(3) and (4); SCR 20:1.15(b)(4m)b.;[9]

---

[9] SCR 20:1.15(b)(4m)b. states: Segregation of trust property.

(4m) Alternative protection for advanced fees. A lawyer who accepts advanced payments of fees may deposit the funds in the lawyer's business account, provided that a court of competent

753

SCR 20:1.16(d); SCR 20:8.4(c); SCR 10.03(2), enforced via SCR 20:8.4(f); and SCRs 22.03(2) and (6), enforced via SCR 20:8.4(h).

¶ 14. Counts 36 though 40 relate to Attorney Fisher's misconduct regarding his representation of Mr. and Mrs. E., who had hired Attorney Fisher to represent them in a bankruptcy action. They paid Attorney Fisher a $500 advanced fee. Attorney Fisher essentially abandoned his clients and took the retainer fee with him. The referee concluded Attorney Fisher's misconduct violated SCR 20:1.16(d); SCR 20:8.4(c) (two counts); SCR 10.03(2), enforced via SCR 20:8.4(f); and SCRs 22.03(2) and (6), enforced via SCR 20:8.4(h).

¶ 15. Counts 41 through 45 arise from Attorney Fisher's representation of his client, V.J., who had retained Attorney Fisher to pursue a bankruptcy action. V.J. paid Attorney Fisher a $500 advanced fee. As with the other client matters in this disciplinary action, Attorney Fisher abandoned his practice and did not refund V.J.'s advanced fee. The referee determined

---

jurisdiction must ultimately approve the lawyer's fee, or that the lawyer complies with each of the following requirements: . . .

b. Upon termination of the representation, the lawyer shall deliver to the client in writing all of the following:

1. a final accounting, or an accounting from the date of the lawyer's most recent statement to the end of the representation, regarding the client's advanced fee payment with a refund of any unearned advanced fees;

2. notice that, if the client disputes the amount of the fee and wants that dispute to be submitted to binding arbitration, the client must provide written notice of the dispute to the lawyer within 30 days of the mailing of the accounting; and

3. notice that, if the lawyer is unable to resolve the dispute to the satisfaction of the client within 30 days after receiving notice of the dispute from the client, the lawyer shall submit the dispute to binding arbitration.

Attorney Fisher's misconduct violated SCR 20:1.16(d); SCR 20:8.4(c) (two counts); SCR 10.03(2), enforced via SCR 20:8.4(f); and SCRs 22.03(2) and (6), enforced via SCR 20:8.4(h).

¶ 16. Counts 46 through 51 involve Attorney Fisher's misconduct with respect to his client, T.S., who hired Attorney Fisher to represent him in a child custody matter. T.S. paid Attorney Fisher a $1,000 advanced fee. The referee determined Attorney Fisher violated SCR 20:1.5(b)(3);[10] SCR 20:1.15(b)(4m)b.; SCR 20:1.16(d); SCR 20:8.4(c); SCR 10.03(2), enforced via SCR 20:8.4(f); and SCRs 22.03(2) and (6), enforced via SCR 20:8.4(h).

¶ 17. Counts 52 through 55 involve similar violations with respect to client K.K., who hired Attorney Fisher for representation in a bankruptcy action and paid him $500. The referee concluded Attorney Fisher violated SCR 20:1.16(d); SCR 20:8.4(c); SCR 10.03(2), enforced via SCR 20:8.4(f); and SCRs 22.03(2) and (6), enforced via SCR 20:8.4(h).

Referee Mohr found:

> This case portrays extremely troublesome conduct on the part of an attorney admitted to practice for only a few years. Not only did he take fees from clients under false pretenses, he totally abandoned his responsibilities toward those clients and absconded with the money. He has not cooperated at all with the investigation or prosecution of these proceedings against him. The evidence suggests that Attorney Fisher has left the country. The Referee and counsel for OLR are simply

---

[10] SCR 20:1.5(b)(3) states, "A lawyer shall promptly respond to a client's request for information concerning fees and expenses."

unable to locate him. Although he has no prior disci-
plinary record, his actions are egregious and absolutely
unacceptable.

¶ 18. The referee recommended Attorney Fisher's
license to practice law in this state be revoked and that
he pay restitution totaling $9,001 to nine clients, as
follows:

| | |
|---|---|
| Mr. and Mrs. K. | $ 500 |
| J.W. | $1,000 |
| Mr. and Mrs. M. | $1,000 |
| S.C. | $1,001 |
| A.Y. | $1,000 |
| A.B. | $2,500 |
| M.E. | $ 500 |
| V.J. | $ 500 |
| T.S. | $1,000 |

In addition, the referee recommended Attorney Fisher
pay the costs of the proceeding.[11]

¶ 19. No appeal has been filed. This matter is
submitted to the court for its consideration pursuant to
SCR 22.17(2).[12] Upon our review, we approve and adopt
the referee's findings and conclusions regarding Attor-
ney Fisher's misconduct. We agree Attorney Fisher's
egregious misconduct requires revocation of his license

---

[11] On March 24, 2010, the OLR filed a statement of costs
seeking $692.34 be assessed against Attorney Fisher.

[12] SCR 22.17(2) provides as follows:

> If no appeal is filed timely, the supreme court shall review the
> referee's report; adopt, reject or modify the referee's findings and
> conclusions or remand the matter to the referee for additional
> findings; and determine and impose appropriate discipline. The
> court, on its own motion, may order the parties to file briefs in the
> matter.

to practice law in Wisconsin. In addition, we order Attorney Fisher to pay restitution as found by the referee. Finally, we order that Attorney Fisher pay the costs of this proceeding.

¶ 20. IT IS ORDERED that the license of Scott H. Fisher to practice law in Wisconsin is revoked, effective the date of this order.

¶ 21. IT IS FURTHER ORDERED that Scott H. Fisher comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶ 22. IT IS FURTHER ORDERED that within 60 days of the date of this order, Scott H. Fisher make restitution payments to his former clients as follows:

| | |
|---|---|
| Mr. and Mrs. K. | $ 500 |
| J.W. | $1,000 |
| Mr. and Mrs. M. | $1,000 |
| S.C. | $1,001 |
| A.Y. | $1,000 |
| A.B. | $2,500 |
| M.E. | $ 500 |
| V.J. | $ 500 |
| T.S. | $1,000 |

¶ 23. IT IS FURTHER ORDERED that within 70 days of the date of this order, Scott H. Fisher pay the Office of Lawyer Regulation the costs of this proceeding.

¶ 24. IT IS FURTHER ORDERED that restitution is to be completed prior to paying costs to the Office of Lawyer Regulation.