In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Scott H. FISHER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Scott H. FISHER, Respondent.

Supreme Court

*No. 2009AP2522–D. Decided December 9, 2010.*

2010 WI 133

(Also reported in 795 N.W.2d 413.)

37

The Court entered the following order on this date:

The Office of Lawyer Regulation (OLR) has filed a motion for modification of a portion of the June 8, 2010 decision revoking Attorney Scott H. Fisher's license to practice law in Wisconsin. *In re Disciplinary Proceedings Against Scott H. Fisher,* 2010 WI 45, 324 Wis. 2d 745, 785 N.W.2d 321. The OLR seeks to substitute the Wisconsin Lawyers' Fund for Client Protection (the Fund) as the payee in six of the nine restitution matters referenced in the decision, and to impose $500 in restitution to the Fund arising from the K.K. client matter.

On July 26, 2010, the court directed the OLR to address whether Attorney Fisher had been served with the modification motion. The OLR responds Attorney Fisher has been properly served with the motion by mail pursuant to SCR 22.13(2).[1] The OLR contends the motion merely seeks to substitute the Fund as payee in certain matters and adds no additional claims for relief. While the OLR acknowledges the motion seeks $500 in restitution, the OLR says the facts giving rise to the

---

[1] SCR 22.13(2) provides: "Service of other pleadings and papers shall be in the manner provided in the rules of civil procedure."

The record shows Attorney Fisher was served by the Waukesha County Sheriff with the OLR complaint on October 24, 2009. Attorney Fisher has defaulted in this matter and has not responded to the motion. According to information received by the OLR, Attorney Fisher left the United States. He has apparently acknowledged taking unearned money from his clients. Further attempts by the referee and the OLR to contact Attorney Fisher have been unsuccessful. *Fisher,* 324 Wis. 2d 745, ¶ 7.

restitution were pled in the complaint, providing Attorney Fisher ample notice he violated his ethical obligations to K.K. The OLR says K.K., the last grievant listed in the disciplinary complaint, was inadvertently left off the OLR's restitution request as set forth in the disciplinary complaint. The OLR says the Fund has paid K.K. the $500. The OLR requests that the restitution order in the opinion be modified to require an additional $500 in restitution to the Fund with respect to the K.K. client matter.

The OLR asserts that, after personal service of the disciplinary complaint, service of motions may be made by mail according to the rules of civil procedure, which has been accomplished by mailing to Attorney Fisher's last known address pursuant to Wis. Stat. § 801.14(2).[2] Attorney Fisher has failed to appear in this matter. Because the OLR's motion adds no new or additional claim for relief, no further service needed to be made on Attorney Fisher. *See* Wis. Stat. § 801.14(1).[3]

Under SCR 22.13(2), following personal service of the disciplinary complaint, the service of other pleadings and papers shall be in the manner provided in the rules of civil procedure. According to Wis. Stat. § 801.14(1), no service of motions need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief

---

[2] Wisconsin Stat. § 801.14(2) provides in part: "Service upon the attorney or upon a party shall be made by delivering a copy or by mailing it to the last-known address, or, if no address is known, by leaving it with the clerk of the court."

[3] Wisconsin Stat. § 801.14(1) provides in part: "No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in s. 801.11."

shall be served in the manner provided for service in § 801.11. We agree with the OLR that its motion for modification adds no new claim for relief.

In a lawyer disciplinary proceeding, restitution is a form of discipline. *See* SCR 21.16(1m)(em) and (2m). As a form of discipline, an order for restitution under SCR 21.16 is not a ruling on a substantive cause of action. The disciplinary complaint served on Attorney Fisher alleged facts giving rise to the restitution, giving Attorney Fisher ample notice that he violated his ethical obligations as to K.K. As a result, the restitution request of $500 arising from the K.K. client matter adds no new or additional claim for relief but merely seeks to impose a form of discipline for an alleged violation previously asserted. *See Fisher,* 324 Wis. 2d 745, ¶ 17. Because Attorney Fisher has defaulted by failing to appear, the OLR was not required to serve its modification motion on Attorney Fisher. *See* SCR 22.13(2); Wis. Stat. § 801.14(1).

IT IS ORDERED that the OLR's motion is granted. The June 8, 2010 decision is hereby modified to provide that the Wisconsin Lawyers' Fund for Client Protection shall be the payee for restitution as follows:

| | |
|---|---|
| Mr. and Mrs. M. | $1,000 |
| A.Y. | $1,000 |
| A.B. | $2,500 |
| M.E. | $ 500 |
| V.J. | $ 500 |
| T.S. | $1,000 |
| K.K. | $ 500 |