In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mario M. MARTINEZ, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Mario M. MARTINEZ, Respondent.

Supreme Court

*No. 98–1496–D. Filed May 6, 1999.*

(Also reported in 591 N.W.2d 866.)

¶ 1.  PER CURIAM.  We review the recommendation of the referee that the license of Mario M. Martinez to practice law in Wisconsin be revoked as discipline for professional misconduct. That misconduct consisted of his conversions to his own use of some $158,000 of funds held in trust for 27 different clients, failing to maintain appropriate trust account records and falsely certifying on his State Bar dues statements that he maintained those records, failing to deliver funds to third persons entitled to them, misstating material facts to a client and to a third person regarding the status of legal proceedings, endorsing settlement checks and signing releases without the knowledge, approval or consent of the clients, and making misrepresentations to the Board of Attorneys Professional Responsibility (Board) and failing to cooperate in its investigation of his conduct. In addition to the license revocation, the referee recommended that Attorney Martinez be required to make restitution to the 27 former clients and to others who are entitled to a portion of the funds he converted.

¶ 2.  We determine that the serious and widespread professional misconduct warrants the revocation of Attorney Martinez's license to practice law. By taking for his own use funds belonging to his clients or to those who had provided health care to his clients in respect to their personal injuries, Attorney Martinez has demonstrated that he is not fit to be licensed by this court to represent the interests of

434

others in our legal system. He has established that he cannot be trusted with the property of others obtained in the course of representing clients. For reasons set forth below, we do not decide the issue of restitution at this time but await further information from the Board in respect to it.

¶ 3. Attorney Martinez was admitted to practice law in Wisconsin in 1986 and practices in the Milwaukee area. He has not been the subject of a prior disciplinary proceeding. By order of September 18, 1998, the court temporarily suspended his license to practice law pending disposition of this disciplinary proceeding, based on the recommendation of the referee, Attorney Michael Ash, following a hearing on the Board's temporary suspension motion, which Attorney Martinez did not contest. When Attorney Martinez did not file an answer to the Board's amended complaint or contest the allegations in it, the referee made findings of fact consistent with that complaint.

¶ 4. Between 1991 and mid-1998, Attorney Martinez converted $158,000 of client funds being held in trust. Most of those funds were proceeds from clients' personal injury matters, but some of them represented money given to Attorney Martinez for the express purpose of posting bail for clients who had been charged with crimes. In respect to the settlement funds, a portion of them belonged to the clients' health care providers. In addition to converting those funds, Attorney Martinez did not inform those health care providers of his receipt of monies to which they were entitled.

¶ 5. In one instance, Attorney Martinez was given a blank check by the mother of a client for the express purpose of posting the client's bail. Attorney Martinez inserted the name of one of his associates as

435

the payee of that check, filled in $1900 as the amount, added false information concerning the purpose of the check, and had it deposited into his business account. When the client's mother demanded reimbursement for the amount of that check, Attorney Martinez said he would repay her, but he never did. During the Board's investigation, he submitted a copy of a check purportedly payable to the client's mother in the amount of the $1900 plus statutory interest, but that check was never received. In other matters, Attorney Martinez misrepresented to a client that his personal injury claims were still pending, despite the fact that Attorney Martinez had signed the client's name to two settlement checks and releases and converted the settlement funds to his own purposes, failed to tell three clients of settlement offers that he accepted without their knowledge or consent, and knowingly misrepresented to the Board that a client's personal injury claim had not been settled.

¶ 6.   On the basis of those facts, the referee concluded that Attorney Martinez violated the following provisions of the Rules of Professional Conduct for Attorneys.

¶ 7.   SCR 20:1.2(a) — Failure to inform clients of settlement offers and seek or abide by their decisions regarding such offers.

¶ 8.   SCR 20:1.15(a) — Failure to hold client property in trust.

¶ 9.   SCR 20:1.15(b) — Failure to deliver to clients or third persons funds to which they were entitled.

¶ 10.   SCR 20:1.15(e) — Failure to maintain complete records of trust account funds.

¶ 11.   SCR 20:1.15(g) — Submitting false certifications on State Bar dues statements that he maintained required trust account records.

¶ 12.   SCR 20:8.1(a) — Knowingly making a false statement of a material fact in connection with a disciplinary investigation.

¶ 13.   SCR 20:8.4(c) — Conduct involving dishonesty, fraud, deceit or misrepresentation.

¶ 14.   SCR 21.03(4), SCR 22.07(2) and (3) — Failure to cooperate with the Board's investigation into allegations of his professional misconduct.

¶ 15.   As discipline for that professional misconduct, the referee recommended that the court revoke Attorney Martinez's license to practice law. In addition, the referee recommended that he be required to pay the costs of this proceeding and that he be ordered to make restitution to the persons named in the pleadings and documentary evidence in the proceeding "in the amounts determined by the Board (or by judgment of courts of competent jurisdiction) to be actually due and owing to such persons."

¶ 16.   In his report, the referee questioned whether it is appropriate that restitution be ordered in this proceeding in light of the large number of clients and third persons to whom it would have to be made. The referee noted that at the disciplinary hearing Attorney Martinez did not agree with the amount of funds determined by the Board investigator to have been converted, claiming that he had provided additional legal services to some of those clients, who had said he could take his fees for that representation from their settlement funds. The referee also observed that a portion of the converted funds listed by the Board would have to be paid to third parties who had provided health care to Attorney Martinez's clients and were entitled to be paid from settlement proceeds. In that respect, the referee suggested that if his recommendation for restitution were followed, it would have to

437

"leave some room for the Board (or a Court) to determine exactly how much is to be paid and to whom," such that the Board would be required to monitor on a continuing basis the amounts owed by Attorney Martinez and paid to those entitled to them.

¶ 17.   We adopt the referee's findings of fact and conclusions of law and determine that license revocation is the appropriate discipline to impose for Attorney Martinez's professional misconduct. Because the referee's recommendation for restitution envisions and specifies further involvement by the Board in determining the exact amount of funds due to each of the 27 former clients and to those who provided health care services to some of them, we determine that the issue of restitution should be held in abeyance and that the Board be directed to file a response to the referee's recommendation on restitution. In that response, the Board should set forth what actions it would take to make the necessary determinations regarding the converted funds, such as conducting further investigation, holding further hearings, and contacting known health care providers.

¶ 18.   IT IS ORDERED that the license of Mario M. Martinez to practice law in Wisconsin is revoked, effective the date of this order.

¶ 19.   IT IS FURTHER ORDERED that within 60 days of the date of this order Mario M. Martinez pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

¶ 20.   IT IS FURTHER ORDERED that the issue of restitution is held in abeyance pending the response from the Board of Attorneys Professional Responsibility as set forth in this opinion and until further order of the court.

¶ 21. IT IS FURTHER ORDERED that Mario M. Martinez comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law has been revoked.