In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jennifer L. ABBOTT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Jennifer L. ABBOTT, Respondent.

Supreme Court

*No. 2005AP185–D. Decided December 28, 2005.*

2005 WI 172

(Also reported in 707 N.W.2d 851.)

The Court entered the following order on this date:

Attorney Jennifer L. Abbott has filed a petition for consensual license revocation under SCR 22.19. Attorney Abbott was licensed to practice law in Wisconsin in 1993. Her license is currently under suspension for willful failure to respond to or cooperate with Office of Lawyer Regulation (OLR) grievance investigations.

Attorney Abbott is the subject of OLR grievance investigations involving some twenty allegations of misconduct in connection with numerous client matters. The alleged misconduct includes reports of overdrafts on Attorney Abbott's trust account, including ten such overdrafts between July and December 2004 ranging in amounts from $34 to $239; Attorney Abbott's representation of clients in several bankruptcy matters; Attorney Abbott's handling of an operating while intoxicated charge in which the client alleged that Attorney Abbott failed to preserve evidence and that she also failed to arrange for testimony of a key witness at his sentencing hearing in May 2002; allegations of conversion of client funds; allegations of failing to provide a client with copies of documents; allegations of failing to return records or files in violation of court orders; allegations of failing to return unearned retainers or fees; and failing to cooperate with the OLR. According to the OLR, Attorney Abbott's conduct has violated SCR 20:1.3,[1] SCR 20:1.4(a),[2] former SCR 20:1.15(a),[3] former

---

[1] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] Former SCR 20:1.5 applies to misconduct committed prior to July 1, 2004. Former SCR 20:1.15(a) provides: Safekeeping property.

SCR 20:1.15(n),[4] SCR 20:1.16(d),[5] SCR 20:3.4(c),[6] SCR 20:8.4(c),[7] SCR 20:8.4(f)[8] and SCR 22.03(6).[9]

> (a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . . ."

[4] Former SCR 20:1.15(n) provides that "[e]very lawyer practicing or admitted to practice in this state shall comply with the reporting and production requirements of this rule."

[5] SCR 20:1.16(d) provides: Declining or terminating representation.

> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] SCR 20:3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

[7] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[8] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[9] SCR 22.03(6) provides that "[i]n the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are miscon-

Attorney Abbott admits under SCR 22.19(2) that she cannot successfully defend against the allegations of the grievance investigations. The OLR supports Attorney Abbott's petition for consensual license revocation. The matter was submitted to a referee who recommends the petition for consensual license revocation be granted and further recommends the court impose the costs of the disciplinary proceeding on Attorney Abbott because the OLR did incur the costs of filing a complaint before the petition for consensual license revocation was filed. Currently, the costs in this matter total $2201.42.

After this petition was submitted to the court, an order was issued directing the parties to show cause why restitution should not also be ordered. The OLR filed a timely response agreeing that restitution was appropriate in certain client matters. Specifically, the OLR reports that Attorney Abbott failed to refund a $425 retainer fee in the bankruptcy matter involving C.C. and noted that it appears no work was done on this file. Accordingly, the OLR recommended the court award restitution to C.C. in the amount of $425. Similarly, in the R.B. and O.L.W. bankruptcy matter, the OLR observes that Attorney Abbott should be required to reimburse these clients for the amount Attorney Abbott "was paid." The OLR explains, however, that the amount of fees actually paid is unclear because the receipt Attorney Abbott gave her clients is "indecipherable." The OLR estimates the clients paid $500 and recommended restitution in this amount. In the I.M. bankruptcy matter, Attorney Abbott was paid $450. The OLR concedes that it is unknown exactly how

duct, regardless of the merits of the matters asserted in the grievance."

much work, if any, Attorney Abbott performed on this matter, but it was undisputed that she did not ever file the bankruptcy action.

Attorney Abbott did not respond to this court's order or to the OLR's report regarding restitution. Having reviewed the record in this matter we agree with the OLR's recommendations regarding restitution in this matter. *See In re Disciplinary Proceedings Against Martinez,* 225 Wis. 2d 433, 591 N.W.2d 866 (1999); *In re Disciplinary Proceedings Against Karlsson,* 2001 WI 126, 248 Wis. 2d 681, 635 N.W.2d 771.

Therefore,

IT IS ORDERED that the petition for consensual license revocation is granted.

IT IS FURTHER ORDERED that the license of Jennifer Abbott to practice law in Wisconsin is revoked effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jennifer Abbott shall pay full restitution to C.C. in the amount of $425, to R.B. and O.L.W. in the amount of $500, and to I.M. in the amount of $450.

IT IS FURTHER ORDERED that within 60 days of the date of this order, Jennifer Abbott pay to the Office of Lawyer Regulation the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Jennifer Abbott comply with the requirements of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.