# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2152-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Erika Anita Cannaday, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant,<br>     v.<br>Erika Anita Cannaday,<br>          Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST CANNADAY

| | |
|---|---|
| OPINION FILED: | February 10, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP2152-D

STATE OF WISCONSIN                    :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Erika Anita Cannaday, Attorney at Law:**

**Office of Lawyer Regulation,**                    **FILED**

      **Complainant,**

      **v.**                                               **FEB 10, 2015**

**Erika Anita Cannaday,**                    Diane M. Fremgen
                                             Clerk of Supreme Court

      **Respondent.**

---

ATTORNEY   disciplinary   proceeding.   *Attorney's   license revoked.*

¶1   PER CURIAM.   We review a stipulation filed pursuant to Supreme Court Rule (SCR) 22.12 by the Office of Lawyer Regulation (OLR) and Attorney Erika Anita Cannaday.   In the stipulation, Attorney Cannaday does not contest that she committed 76 acts of professional misconduct in some 16 client matters or that the revocation of her license to practice law in Wisconsin is appropriate discipline for her misconduct.   The parties further stipulate that Attorney Cannaday should pay

$1,306 in restitution to H.M., $1,000 in restitution to the Wisconsin Lawyers' Fund for Client Protection (Fund) regarding K.O., $500 in restitution to the Fund regarding L.C., and $1,606 in restitution to the Fund regarding E.H. and M.H.

¶2 After fully reviewing the matter, we approve the stipulation and revoke Attorney Cannaday's license to practice law in this state. The professional misconduct committed by Attorney Cannaday is extensive and warrants her removal from the practice of law. Because this matter is being resolved without the appointment of a referee, and because the OLR has not sought costs, we do not impose the costs of this proceeding on Attorney Cannaday.

¶3 Attorney Cannaday was admitted to the State Bar of Wisconsin in 2005. She has practiced in Oconomowoc and the surrounding areas. On November 20, 2013, Attorney Cannaday's Wisconsin law license was suspended for her noncooperation with the OLR in three of the client matters discussed below. Since June 3, 2014, Attorney Cannaday's Wisconsin law license has been administratively suspended for failing to comply with mandatory continuing legal education requirements.

¶4 The complaint to which Attorney Cannaday stipulated addresses 16 client matters. It is not necessary to describe the particular factual allegations of each representation. A synopsis of the information contained in the complaint will provide a sufficient description of the nature and scope of her professional misconduct. Beginning in 2011 and continuing into 2013, Attorney Cannaday essentially abandoned a significant

2

portion of her practice. She undertook to represent clients and accepted advanced fees in a myriad of cases including divorces, personal bankruptcies, child placement matters, landlord tenant disputes, paternity actions, termination of parental rights, and grandparent visitation. Then, for months, Attorney Cannaday failed to take meaningful action on her clients' behalf and failed to respond to her clients' calls, emails, and letters seeking information about their cases. She missed court hearings, failed to file critical documents with the court, failed to provide her clients with final accountings, and failed to refund unearned portions of her fees. Once the aggrieved clients contacted the OLR, she then failed to timely and substantively respond to multiple requests from the OLR seeking information about the various grievances. On November 20, 2013, this court temporarily suspended Attorney Cannaday's license for noncooperation in several matters.

¶5 The stipulation before the court provides that, contrary to SCR 20:1.3, Attorney Cannaday failed to act with reasonable diligence and promptness in representing a client in the following client matters: D.M. (Count 1), J.N. (Count 6), J.B. (Count 9), L.C. (Count 16), K.O. (Count 27), E.L. (Count 34), L.B. (Count 40), N.L. (Count 43), K.S. (Count 46), H.K. (Count 51), J.S. (Count 56), E.H. and M.H. (Count 61), H.M. (Count 66), and S.D. and G.D. (Count 71).

¶6 The stipulation provides that, contrary to SCR 20:1.4(a)(3) and (4), Attorney Cannaday failed to keep the following clients reasonably informed about the status of their

3

matter and failed to promptly comply with reasonable requests by the client for information: D.M. (Count 2), J.N. (Count 7), J.B. (Count 10), L.C. (Count 17), T.W. (Count 23), K.O. (Count 28), E.L. (Count 35), L.B. (Count 41), N.L. (Count 44), K.S. (Count 47), H.K. (Count 52), J.S. (Count 57), E.H. and M.H. (Count 62), H.M. (Count 67), and S.D. and G.D. (Count 72).

¶7 The stipulation provides that, contrary to SCR 20:1.15(b)(4), Attorney Cannaday failed to deposit advanced payments of fees and costs into her trust account in the matters of D.M. (Count 3), J.B. (Count 12), L.C. (Count 19), T.W. (Count 24), K.O. (Count 32), E.L. (Count 37), K.S. (Count 48), and H.K. (Count 53).

¶8 The stipulation provides that, contrary to SCR 20:1.15(d)(1), Attorney Cannaday failed to deliver funds held in trust which a client or third party was entitled to receive in the K.O matter (Count 29).

¶9 The stipulation provides that, contrary to SCR 20:1.5(a), Attorney Cannaday charged an unreasonable fee, by accepting advanced fee payments but not performing further work on the clients' behalf, in the matters of J.B. (Count 11), L.C. (Count 18), E.L. (Count 36), J.S. (Count 58), E.H. and M.H. (Count 63), and H.M. (Count 68).

¶10 The stipulation provides that, contrary to SCR 20:1.5(b)(1) and (2), Attorney Cannaday failed to communicate to the client in writing the basis or rate of her fees and expenses and the purpose and effect of any retainer or

4

advanced fee that is paid to Attorney Cannaday in the T.W. matter (Count 22).

¶11 The stipulation provides that, contrary to SCR 20:1.16(d), Attorney Cannaday failed to refund unearned fees and failed, in some cases, to respond to multiple written requests to relinquish a client file during her representation of D.M. (Count 4), J.B. (Count 13), L.C. (Count 20), T.W. (Count 25), K.O. (Count 31), E.L. (Count 38), K.S. (Count 49), H.K. (Count 54), J.S. (Count 59), E.H. and M.H. (Count 64), and H.M. (Count 69).

¶12 The stipulation provides that, contrary to SCR 20:3.4(c), Attorney Cannaday knowingly and without justification disobeyed a court's order during her work on the J.B. matter (Count 14).

¶13 The stipulation provides that, contrary to SCR 22.26(2) and SCR 20:8.4(a), Attorney Cannaday violated the supreme court rules by practicing law while suspended during her work on a TPR matter (Counts 74 and 75).

¶14 The stipulation provides that, contrary to SCR 20:8.4(c), Attorney Cannaday engaged in dishonesty, fraud, deceit, or misrepresentation during her work on the K.O. matter (Count 30).

¶15 The stipulation provides that, contrary to SCR 22.03(2), SCR 22.03(6), and SCR 20:8.4(h), Attorney Cannaday failed to provide relevant information to the OLR in a timely fashion and failed to answer questions fully or otherwise provide information requested by the OLR in the following

matters:  D.M. (Count 5), J.N. (Count 8), J.B. (Count 15), L.C. (Count 21), T.W. (Count 26), K.O. (Count 33), E.L. (Count 39), L.B. (Count 42), N.L. (Count 45), K.S. (Count 50), H.K. (Count 55), J.S. (Count 60), E.H. and M.H. (Count 65), H.M. (Count 70), S.D. and G.D. (Count 73), and the TPR matter (Count 76).

¶16  Attorney Cannaday does not contest the above counts of misconduct.  The parties' stipulation recites that Attorney Cannaday understands the allegations of the complaint, that she enters the stipulation freely, knowingly, and voluntarily, that she understands that she had a right to contest the matters and to consult with and be represented by counsel, and that the stipulation is not a result of plea-bargaining.

¶17  The parties stipulated that revocation is appropriate discipline.

¶18  Having considered this matter, we approve the stipulation and adopt the stipulated facts and legal conclusions of professional misconduct.  We agree that revocation of Attorney Cannaday's license to practice law in this state is appropriate discipline.  See In re Disciplinary Proceedings Against Fisher, 2010 WI 45, 324 Wis. 2d 745, 785 N.W.2d 321 (revocation for 55 counts of misconduct after attorney abandoned law practice); In re Disciplinary Proceedings Against Kelly, 2012 WI 55, 341 Wis. 2d 104, 814 N.W.2d 844 (revocation for 51 counts of misconduct for attorney with no prior disciplinary history); In re Disciplinary Proceedings Against Abbott, 2005 WI 172, 286 Wis. 2d 616, 707 N.W.2d 851 (consensual revocation for 20 allegations of misconduct).

6

¶19 We agree that Attorney Cannaday should be ordered to pay restitution as stipulated by the parties: $1,306 to H.M., $1,000 to the Fund regarding K.O., $500 to the Fund regarding L.C., and $1,606 to the Fund regarding E.H. and M.H. Attorney Cannaday does not dispute that she owes restitution to these clients.

¶20 Finally, because Attorney Cannaday entered into a comprehensive stipulation under SCR 22.12, thereby obviating the need for the appointment of a referee and a full disciplinary proceeding, we do not impose costs in this matter.

¶21 IT IS ORDERED that the license of Erika Anita Cannaday to practice law in Wisconsin is revoked, effective the date of this order.

¶22 IT IS FURTHER ORDERED that within 60 days of the date of this order, Erika Anita Cannaday shall pay $1,306 in restitution to H.M., $1,000 in restitution to the Wisconsin Lawyers' Fund for Client Protection regarding K.O., $500 in restitution to the Wisconsin Lawyers' Fund for Client Protection regarding L.C., and $1,606 in restitution to the Wisconsin Lawyers' Fund for Client Protection regarding E.H. and M.H.

¶23 IT IS FURTHER ORDERED that Erika Anita Cannaday shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶24 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

7