# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP1971-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Thad M. Gegner, Attorney at Law: |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Thad M. Gegner, |
| | Respondent. |

## DISCIPLINARY PROCEEDINGS AGAINST GEGNER

| | |
|---|---|
| OPINION FILED: | February 17, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

**2017 WI 11**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2015AP1971-D

STATE OF WISCONSIN  :  IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Thad M. Gegner, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

  **v.**

**Thad M. Gegner,**

       **Respondent.**

**FILED**

**FEB 17, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.  *Attorney's license revoked.*

¶1  PER CURIAM.  The court has before it a report and recommendation filed on October 12, 2016, by Referee James G. Curtis.  The report recommends that this court accept Attorney Thad M. Gegner's petition for consensual license revocation, revoke his license to practice law in Wisconsin, and order him to pay restitution to certain aggrieved parties, including the Wisconsin Lawyers' Fund for Client Protection (the Fund). Attorney Gegner is the subject of a disciplinary proceeding

alleging that he committed 47 counts of misconduct in 11 different client matters, as well as an allegation of practicing law after suspension. He is also the subject of four additional pending Office of Lawyer Regulation (OLR) grievance matters that have not yet been fully investigated by the OLR.

¶2 We agree with the referee that both revocation and restitution are appropriate. We also agree with the referee's recommendation that Attorney Gegner should pay the full costs of this proceeding, which are $2,019.58 as of October 31, 2016.

¶3 Attorney Gegner was admitted to the practice of law in Wisconsin in 2003. He does not have a disciplinary history. His Wisconsin law license has been suspended since April 17, 2015, for non-cooperation with the OLR in certain of the matters at issue in this case.

¶4 On September 28, 2015, the OLR filed a complaint against Attorney Gegner, setting forth 24 counts of misconduct over six client matters and an allegation of practicing law after suspension. The complaint requested a two-year suspension, plus payment of restitution and costs. On January 6, 2016, the OLR filed an amended complaint against Attorney Gegner, setting forth 47 counts of misconduct over 11 client matters and an allegation of practicing law after suspension. The amended complaint requested revocation, plus payment of restitution and costs. Attorney Gegner retained counsel. At the parties' request, the referee stayed the proceedings while the parties discussed the possibility of Attorney Gegner filing a petition for consensual license revocation pursuant to Supreme

Court Rule (SCR) 22.19. On September 22, 2016, Attorney Gegner filed such a petition.

¶5 In his petition, Attorney Gegner acknowledges that he cannot successfully defend himself against the allegations in the amended complaint, which is attached to his petition as Appendix A. He also acknowledges that he cannot successfully defend himself against four pending investigative matters that have not been publicly charged, a summary of which is attached to his petition as Appendix B.

¶6 On September 29, 2016, the OLR filed a recommendation supporting Attorney Gegner's SCR 22.19 petition. The referee filed a report on October 12, 2016, recommending revocation and restitution. On November 30, 2016, the referee filed a recommendation on costs, in which he advised the court to impose full costs on Attorney Gegner. On October 26, 2016, the OLR filed a restitution statement, which it later supplemented in a December 29, 2016 filing. In those filings, the OLR states that Attorney Gegner should pay restitution as recommended by the referee.[1]

---

[1] The referee determined that Attorney Gegner owes restitution to his former clients Dianna C., Kristin L., and Diane J., as well as to a subrogated party (American Family Mutual Insurance Company) in the Diane J. matter. The referee further determined that Attorney Gegner owes restitution to the Wisconsin Lawyers' Fund for Client Protection for amounts it paid to former clients Dianna C., Diane J., Cody W., Donald C., and Jose O.

¶7   No appeal has been filed in this matter, so our review proceeds pursuant to SCR 22.17(2).

¶8   We revoke Attorney Gegner's Wisconsin law license effective the date of this order.  The scope of his misconduct is vast and troubling.  It is not necessary to set forth the particular factual allegations of every instance of misconduct in every client matter involved in this case.  Doing so would be overly cumbersome, given that the amended complaint alone alleges almost four dozen misconduct counts, described in some 231 separately numbered paragraphs.  A synopsis of the information contained in the attachments to Attorney Gegner's petition for revocation will provide a sufficient description of the nature and scope of his professional misconduct.

¶9   As stated above, the OLR's amended complaint in this disciplinary proceeding, attached as Appendix A to the revocation petition, sets forth 47 counts of misconduct involving 11 different clients and an allegation of practicing law after suspension.  The alleged misconduct involved violations of the following supreme court rules:  SCR 20:1.3 (failing to act with reasonable diligence and promptness in representing a client); SCR 20:1.4(a)(3) (failing to keep a client reasonably informed about the status of a matter); SCR 20:1.4(a)(4) (failing to promptly comply with reasonable requests by the client for information); SCR 20:1.5(b)(3) (failing to promptly respond to a client's request for

information concerning fees and expenses); SCR 20:1.15(b)(4)[2] (failing to deposit advanced payments of fees and costs into trust account); SCR 20:1.15(d)(1) (failing to notify a client promptly after receiving funds in which a client has an interest and promptly deliver the funds absent an agreement or legal requirement to do otherwise); SCR 20:1.16(d) (failing to take steps to protect client's interests upon termination of representation); SCR 20:3.3(a)(1) (knowingly making a false statement of fact to a tribunal); SCR 20:3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); SCR 20:8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); SCR 22.03(2) and (6), enforced via SCR 20:8.4(h) (failing to promptly and fully cooperate with an OLR investigation); and SCR 31.10(1) (engaging in the practice of law after a suspension for failing to satisfy continuing legal education requirements).

¶10 The OLR's summary of misconduct allegations in the four pending investigative matters that have not been publicly charged, attached as Appendix B to the revocation petition, summarizes alleged violations or potential violations of the following supreme court rules: SCR 20:1.3 (failing to act with

---

[2] Effective July 1, 2016, substantial changes were made to Supreme Court Rule 20:1.15, the "trust account rule." See S. Ct. Order 14-07, (issued Apr. 4, 2016, eff. July 1, 2016). Because the conduct underlying this case arose prior to July 1, 2016, unless otherwise indicated, all references to the Supreme Court rules will be to those in effect prior to July 1, 2016.

reasonable diligence and promptness in representing a client); SCR 20:1.4(a)(3) (failing to keep a client reasonably informed about the status of a matter); SCR 20:1.4(a)(4) (failing to promptly comply with reasonable requests by the client for information); SCR 20:1.5(a) (charging an unreasonable fee); SCR 20:1.15(d)(1) (failing to notify a client promptly after receiving funds in which a client has an interest and promptly deliver the funds absent an agreement or legal requirement to do otherwise); SCR 20:1.15(g)(1) (failing to notify clients of withdrawal of non-contingent fees from trust account); SCR 20:1.16(d) (failing to take steps to protect a client's interests upon termination of representation); SCR 20:3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); SCR 20:8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); SCR 21.15(4) (failing to cooperate with an OLR investigation); SCR 22.03(2) and (6), enforced via SCR 20:8.4(h) (failing to promptly and fully cooperate with an OLR investigation); and SCR 22.26 (failing to comply with the duties of a person whose license to practice law in Wisconsin has been suspended).

¶11 We find instructive the referee's synopsis of Attorney Gegner's misconduct:

> The facts established by OLR portray a repeated pattern of serious misconduct from 2011 into 2015. The facts establish a law practice that was spiraling out of control. Mr. Gegner would fail to communicate with his clients and would fail to perform the legal work and services that were necessary. He would at times misrepresent the status of his work to both the

clients and court. He misused and converted client funds and failed to provide any accounting. The record establishes numerous aggravating factors in this case and based on the Petition for Revocation by Consent, no mitigating factors have been shown.

"[T]o make matters worse," the referee noted, "there are at least 13 counts relating to Mr. Gegner's obstinate failure to cooperate with OLR's investigations, contrary to SCR 22.03(2) and (6)."

¶12 Attorney Gegner's petition for consensual revocation states that he cannot successfully defend against the allegations of professional misconduct set forth above. His petition asserts that he is seeking consensual revocation freely, voluntarily, and knowingly, and that restitution should be imposed. He states that he understands he is giving up his right to contest the OLR's allegations. He has counsel in this matter. The OLR supports Attorney Gegner's petition.

¶13 As stated above, Referee Curtis has filed a report in this matter. The referee determined, based on Attorney Gegner's petition and the OLR's response, that there exists clear, satisfactory, and convincing evidence that Attorney Gegner has engaged in the misconduct alleged in the OLR's amended complaint in this disciplinary proceeding and in the OLR's summary of the matters still in the investigative process. He recommends that we accept the petition, order restitution, and revoke Attorney Gegner's license to practice law.

¶14 When reviewing a report and recommendation in an attorney disciplinary proceeding, we affirm a referee's findings of fact unless they are found to be clearly erroneous. In re

7

Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We review the referee's conclusions of law on a de novo basis. Id. We determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefitting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶15 We agree with the referee that Attorney Gegner's petition for consensual revocation should be granted. Attorney Gegner has engaged in a widespread pattern of serious professional misconduct that has harmed his clients. He is either unwilling or unable to conform his conduct to the standards that are required to practice law in this state. Anything less than a revocation of his law license would unduly depreciate the seriousness of his misconduct, fail to protect the public and the court system from further misconduct, and inadequately deter similar misbehavior by other attorneys. Revocation is clearly deserved.

¶16 We now consider restitution. The referee's recommendations for restitution are consistent with Attorney Gegner's petition and the OLR's recommendation on that petition.[3]

---

[3] The referee noted in his report that, according to the OLR's recommendation on Attorney Gegner's SCR 22.19 petition, the Fund authorized payments to some of Attorney Gegner's former clients after he agreed in his petition to pay restitution to them. The referee recommended that Attorney Gegner make restitution to the Fund for these payments; Attorney Gegner has not objected.

8

We order Attorney Gegner to pay $652.88 to former client Dianna C.; $1,000 to former client Kristin L.; $2,638.90 to American Family Mutual Insurance Company; $3.10 to former client Diane J.; and $10,894 to the Wisconsin Lawyers' Fund for Client Protection, attributable to the Fund's payments to the following former clients: $3,100 to Dianna C., $2,694 to Diane J., $1,800 to Cody W., $1,700 to Donald C., and $1,600 to Jose O.

¶17 We make one further observation (and ruling) on the issue of restitution. In the OLR's December 29, 2016 supplemental restitution statement, the OLR stated that it would not seek restitution for a $1,000 payment to Attorney Gegner's former client, Michelle A., which the Fund approved on December 14, 2016. The OLR explained that, notwithstanding this payment by the Fund, the OLR's investigation did not identify a reasonably ascertainable amount of restitution to seek in the Michelle A. matter, and therefore it had not sought restitution in this matter, and would not do so now. Mindful that the Fund is financed by State Bar of Wisconsin members' annual fees, we fail to see why the $1,000 payment by the Fund to Michelle A. should be financed by members of the bar who have not engaged in misconduct, as opposed to Attorney Gegner, who has conceded his misconduct in the Michelle A. matter. We acknowledge that the Fund's $1,000 payment to Michelle A. was not addressed in the consensual revocation petition or in the referee's report, but we cannot envision any scenario in which Attorney Gegner could avoid reimbursing the Fund for this payment. We therefore order Attorney Gegner to reimburse the Fund in this amount. To the

9

extent that Attorney Gegner disagrees with this court's ruling on this point, he is free to move the court to reconsider its ruling.

¶18 Finally, and consistent with the referee's recommendation, we determine that Attorney Gegner should be required to pay the full costs of this proceeding. See SCR 22.24(1m).

¶19 IT IS ORDERED that the petition for consensual license revocation is granted.

¶20 IT IS ORDERED that the license of Thad M. Gegner to practice law in Wisconsin is revoked, effective the date of this order.

¶21 IT IS FURTHER ORDERED that Thad M. Gegner pay restitution in the following amounts:

- $652.88 to former client Dianna C.;

- $1,000 to former client Kristin L.;

- $2,638.90 to American Family Mutual Insurance Company;

- $3.10 to former client Diane J.; and

- $11,894 to the Wisconsin Lawyers' Fund for Client Protection, attributable to the Fund's payments to the following former clients: $3,100 to Dianna C.; $2,694 to Diane J.; $1,800 to Cody W.; $1,700 to Donald C.; $1,600 to Jose O; and $1,000 to Michelle A.

¶22 IT IS FURTHER ORDERED that within 60 days of the date of this order, Thad M. Gegner shall pay to the Office of Lawyer

10

Regulation the costs of this proceeding, which are $2,019.58 as of October 31, 2016.

¶23  IT IS FURTHER ORDERED that the restitution specified above is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶24  IT IS FURTHER ORDERED that, to the extent he has not already done so, Thad M. Gegner shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.