# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP474-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against James Eric Goldmann, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, |
| | v. |
| | James Eric Goldmann, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GOLDMANN

| | |
|---|---|
| OPINION FILED: | July 13, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2018AP474-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against James Eric Goldmann, Attorney at Law:**

**Office of Lawyer Regulation,**

        **Complainant,**

    **v.**

**James Eric Goldmann,**

        **Respondent.**

**FILED**

**JUL 13, 2018**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1   PER CURIAM.   We review a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney James Eric Goldmann pursuant to SCR 22.12.[1]   In the stipulation, Attorney

---

[1] SCR 22.12 provides:

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed.   The supreme court may consider the complaint and stipulation without the appointment of a referee, in which case the supreme

(continued)

Goldmann does not contest that he committed all 38 acts of professional misconduct alleged by the OLR.  He also does not contest that the revocation of his Wisconsin law license is appropriate discipline for his misconduct, along with a requirement that he comply with a monetary judgment obtained against him by a client regarding unearned advance fees.

¶2  After fully reviewing the matter, we approve the stipulation and revoke Attorney Goldmann's Wisconsin law license.  His transgressions leave us no choice:  Attorney

---

court may approve the stipulation, reject the stipulation, or direct the parties to consider specific modifications to the stipulation.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects a stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(3m) If the supreme court directs the parties to consider specific modifications to the stipulation, the parties may, within 20 days of the date of the order, file a revised stipulation, in which case the supreme court may approve the revised stipulation, adopt the stipulated facts and conclusions of law, and impose the stipulated discipline. If the parties do not file a revised stipulation within 20 days of the date of the order, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

Goldmann has shown himself to be unwilling or unable to conform his conduct to the standards that are required to practice law in this state. We also adopt the stipulated requirement that he comply with his client's monetary judgment against him. Finally, because this matter is being resolved without the appointment of a referee, and because the OLR has not sought costs, we impose no costs.

¶3 Attorney Goldmann was admitted to the State Bar of Wisconsin in 2013. His most recent address on file with the State Bar of Wisconsin is in Milwaukee, Wisconsin. According to the parties' stipulation, Attorney Goldmann currently lives in Canada, but made use of a general delivery address in Milwaukee and an email account to receive the case documents in this matter.

¶4 Attorney Goldmann's license to practice law in Wisconsin is currently suspended. On June 15, 2017, this court temporarily suspended his law license for his willful failure to cooperate with the OLR investigation of this matter. In October 2017, his law license was administratively suspended for failure to pay bar dues and assessments and failure to file the required trust account certification. The parties report that Attorney Goldmann abandoned the practice of law in mid-2017.

¶5 Attorney Goldmann's work in ten client matters gave rise to all but one of the misconduct claims in this case. It is not necessary to describe the particular factual allegations of Attorney Goldmann's misconduct in each client matter; a synopsis will suffice. Beginning in 2015 and continuing into

3

2017, Attorney Goldmann effectively abandoned the ten clients identified in the OLR's complaint: M.G. (Counts 1-4); S.M.C. (Counts 5-7); A.L.R. (Counts 8-11); E.G.H. (Counts 12-16); C.H. (Counts 17-21); R.C.M. (Counts 22-23); R.D.S. (Counts 24-26); A.P. (Counts 27-30); S.D.Y. (Counts 31-33); and M.D.C. (Counts 34-37). Attorney Goldmann undertook to represent these clients in a variety of matters——criminal cases, civil cases, parental rights cases, etc.——but he failed to take necessary actions on their behalf. Among other things, he failed to attend court hearings; failed to file crucial documents; failed to comply with court orders; failed to forward his clients' case files to the clients or successor counsel; failed to refund unearned advance fees; failed to be forthright about his actions; and failed to respond to his clients' requests for information or otherwise keep them updated on their cases. Once the aggrieved clients contacted the OLR, he failed to cooperate with the OLR's investigation.

¶6 The remaining misconduct claim in this case (Count 38) concerns certain false and misleading information that Attorney Goldmann gave his employing law firm about his level of professional experience and success. The firm included this information on its website, with Attorney Goldmann's knowledge and understanding.

¶7 Based on the foregoing, the OLR complaint alleged, and the parties later stipulated, as follows:

4

- Contrary to SCR 20:1.3,[2] Attorney Goldmann failed to act with reasonable diligence and promptness in representing a client in the following client matters: M.G. (Count 1), A.L.R. (Count 8), E.G.H. (Count 12), C.H. (Count 17), R.C.M. (Count 22), A.P. (Count 27), S.D.Y. (Count 31), and M.D.C. (Count 34).

- Contrary to SCR 20:1.4(a)(3)[3] and (4),[4] Attorney Goldmann failed to keep the following clients reasonably informed about the status of their matters and failed to promptly comply with the clients' reasonable requests for information: A.L.R. (Count 9), E.G.H. (Count 13), C.H. (Count 18), A.P. (Count 28), S.D.Y. (Count 32), and M.D.C. (Count 35).

- Contrary to SCR 20:1.5(b)(1)[5] and (2),[6] Attorney Goldmann failed to communicate to R.D.S. in writing

---

[2] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

[3] SCR 20:1.4(a)(3) provides: "A lawyer shall keep the client reasonably informed about the status of the matter."

[4] SCR 20:1.4(a)(4) provides: "A lawyer shall promptly comply with reasonable requests by the client for information."

[5] SCR 20:1.5(b)(1) provides:

The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing, before or within a reasonable time after commencing the representation, except when the lawyer

(continued)

> the scope of his representation, the basis or rate of his fees and expenses, or the purpose and effect of the advance fee paid to him (Count 24).

- Contrary to SCR 20:1.5(c),[7] Attorney Goldmann failed to enter into a written contingent fee agreement with E.G.H. (Count 14).

---

will charge a regularly represented client on the same basis or rate as in the past. If it is reasonably foreseeable that the total cost of representation to the client, including attorney's fees, will be $1000 or less, the communication may be oral or in writing. Any changes in the basis or rate of the fee or expenses shall also be communicated in writing to the client.

[6] SCR 20:1.5(b)(2) provides: "If the total cost of representation to the client, including attorney's fees, is more than $1000, the purpose and effect of any retainer or advance fee that is paid to the lawyer shall be communicated in writing."

[7] SCR 20:1.5(c) provides:

A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by par. (d) or other law. A contingent fee agreement shall be in a writing signed by the client, and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a

(continued)

- Contrary to SCR 20:1.16(d),[8] Attorney Goldmann failed to timely return client files, or refund unearned fees, or otherwise take steps to protect client interests during his representation of M.G. (Count 2), A.L.R. (Count 10), C.H. (Count 19), A.P. (Count 29), and M.D.C. (Count 36).

- Contrary to SCR 20:3.3(a)(1),[9] Attorney Goldmann knowingly made a false statement of fact to a tribunal during his representation of S.M.C. (Count 5).

---

recovery, showing the remittance to the client and the method of its determination.

[8] SCR 20:1.16(d) provides:

Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[9] SCR 20:3.3(a)(1) provides: "A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

- Contrary to SCR 20:3.4(c),[10] Attorney Goldmann knowingly and without justification disobeyed a court's order during his work on the E.G.H. matter (Count 15).

- Contrary to SCR 20:3.4(d),[11] Attorney Goldmann failed to make a reasonably diligent effort to comply with a legally proper discovery request during his work on the C.H. matter (Count 20).

- Contrary to SCR 20:7.1(a) and (b),[12] Attorney Goldmann made false or misleading communications

---

[10] SCR 20:3.4(c) provides: "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

[11] SCR 20:3.4(d) provides: "A lawyer shall not in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party."

[12] SCR 20:7.1 provides:

A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:

(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading;

(b) is likely to create an unjustified expectation about results the lawyer can achieve, or states or implies that the lawyer can achieve results by means that violate the Rules of Professional Conduct or other law.

8

about himself and his legal services to R.D.S.
(Count 25).

- Contrary to SCR 20:7.1(a), (b), and (c),[13] Attorney Goldmann made false or misleading communications about himself and his legal services to his employing law firm, which then included the information that Attorney Goldmann provided on its website (Count 38).

- Contrary to SCR 20:8.4(c),[14] Attorney Goldmann engaged in dishonesty, fraud, deceit, or misrepresentation during his work on the M.G. matter (Count 3) and the S.M.C. matter (Count 6).

- Contrary to SCR 22.03(2)[15] and SCR 22.03(6),[16] enforced via SCR 20:8.4(h),[17] Attorney Goldmann

---

[13] SCR 20:7.1(c) provides: "A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it compares the lawyer's services with other lawyers' services, unless the comparison can be factually substantiated."

[14] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[15] SCR 22.03(2) provides:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail request for a written response. The director may allow additional time to respond. Following receipt

(continued)

willfully failed to provide relevant information to the OLR in the following matters: M.G. (Count 4), S.M.C. (Count 7), A.L.R. (Count 11), E.G.H. (Count 16), C.H. (Count 21), R.C.M. (Count 23), R.D.S. (Count 26), A.P. (Count 30), S.D.Y. (Count 33), and M.D.C. (Count 37).

¶8 In the stipulation, Attorney Goldmann states that the stipulation did not result from plea bargaining, and that he does not contest the facts and misconduct alleged by the OLR or the discipline sought by the OLR. Attorney Goldmann further states that he fully understands the misconduct allegations; fully understands the ramifications should this court impose the stipulated level of discipline; fully understands his right to contest this matter; and fully understands his right to consult with counsel. Attorney Goldmann represents that his entry into

---

of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[16] SCR 22.03(6) provides: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[17] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1)."

the stipulation is made knowingly and voluntarily, and that his entry into the stipulation represents his decision not to contest the misconduct alleged in the complaint or the level and type of discipline sought by the OLR.

¶9 Having considered this matter, we approve the stipulation and adopt the stipulated facts and legal conclusions of professional misconduct. We agree that the revocation of Attorney Goldmann's Wisconsin law license is in order. Attorney Goldmann has engaged in a widespread pattern of serious professional misconduct that has harmed his clients and tarnished the profession. A sanction of revocation is clearly supported by our precedent. See, e.g., In re Disciplinary Proceedings Against Gegner, 2017 WI 11, 373 Wis. 2d 192, 890 N.W.2d 581 (consensual license revocation based on 47 counts of misconduct and other pending OLR investigative matters); In re Disciplinary Proceedings Against Cannaday, 2015 WI 11, 360 Wis. 2d 647, 859 N.W.2d 75 (revocation for 76 counts of misconduct after attorney abandoned a significant portion of law practice); In re Disciplinary Proceedings Against Kelly, 2012 WI 55, 341 Wis. 2d 104, 814 N.W.2d 844 (revocation for 51 counts of misconduct); In re Disciplinary Proceedings Against Fisher, 2010 WI 45, 324 Wis. 2d 745, 785 N.W.2d 321 (revocation for 55 counts of misconduct after attorney abandoned law practice); In re Disciplinary Proceedings Against Abbott, 2005 WI 172, 286 Wis. 2d 616, 707 N.W.2d 851 (consensual license revocation for 20 allegations of misconduct).

¶10 We turn next to the issue of restitution. According to the parties' stipulation, one of Attorney Goldmann's clients, A.P., sued Attorney Goldmann in small claims court regarding unearned advance fees that he had failed to return to her. A.P. obtained a judgment in the amount of $1,653 against Attorney Goldmann. The parties stipulated, and we agree, that Attorney Goldmann should be ordered to pay restitution to A.P. in the amount of this judgment.

¶11 The parties' stipulation says nothing further on the topic of restitution. We note that, prior to any reinstatement of Attorney Goldmann's Wisconsin law license, we will revisit the issue of restitution. See SCR 22.29(4m) (any attorney petitioning for reinstatement from a disciplinary suspension of six months or more is required to allege and demonstrate that the attorney "has made restitution to or settled all claims of persons injured or harmed by [the attorney's] misconduct . . . or, if not, the [attorney's] explanation of the failure or inability to do so").

¶12 Finally, because Attorney Goldmann entered into a comprehensive stipulation under SCR 22.12, thereby obviating the need for the appointment of a referee and a full disciplinary proceeding, we do not impose costs in this matter.

¶13 IT IS ORDERED that the license of James Eric Goldmann to practice law in Wisconsin is revoked, effective the date of this order.

¶14 IT IS FURTHER ORDERED that the June 15, 2017 temporary suspension of James Eric Goldmann's license to practice law in

12

Wisconsin, due to his willful failure to cooperate with the Office of Lawyer Regulation's investigation in this matter, is lifted.

¶15 IT IS FURTHER ORDERED that the administrative suspension of James Eric Goldmann's license to practice law in Wisconsin, due to his failure to pay bar dues and assessments and his failure to comply with trust account certification requirements, will remain in effect until each reason for the administrative suspension has been rectified pursuant to SCR 22.28(1).

¶16 IT IS FURTHER ORDERED that James Eric Goldmann shall pay restitution consistent with the $1,653 judgment issued against him and in A.P.'s favor in connection with the misconduct described herein.

¶17 IT IS FURTHER ORDERED that James Eric Goldmann shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶18 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(3).